UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| *Plaintiff(s),*      ) | |
| ) | |
| vs.                                                       ) | Case Number: CR-24-080-RAW |
| ) | |
| JASON DALE COLE &                           ) | |
| CRYSTAL FAYE CHESSER,            ) | |
| ) | |
| *Defendant.*        ) | |

UNOPPOSED JOINT MOTION TO CONTUNUE JURY TRIAL

COMES NOW the Defendant, JASON DALE COLE, by and through his attorney of record, Robert V. Seacat, and moves this Court to continue this case for approximately sixty (60) days, to extend the deadline for filing motions, and for an entry of an order excluding this time period when calculating the time within which trial must commence pursuant to 18 U.S.C. § 3161(h). In support of this Motion, Defendant states as follows:

1. That in compliance with Local Criminal Rule 12.1(B), Counsel advises the Court that he has conferred with Michael E. Robinson, Assistant United States Attorney, and is authorized to state that the Government has no objection ot this Motion.

2. That Counsel advises the Court that he has conferred with Dan Medlock, Attorney for Defendant Chesser, and is authorized to state that Defendant Chesser joins in this Motion.

3. That Defendants Chesser and Cole previously filed an Unopposed Joint Motion to Continue on May 29, 2024, and an Order was entered on May 30, 2024, continuing the Jury Trial in this matter, and extending the deadline for filing motions.

4. That Defendants were charged by Sealed Indictment on May 15, 2024. (Doc #2)

5. That the Government did seek detention of Defendant Cole, who was remanded to the custody of the United States Marshall pending trial.

6. That Government did not seek detention of Defendant Chesser, and Defendant Chesser was released on an unsecured bon, subject to conditions.

7. That this matter is currently set for jury trial to begin on September 3, 2024, with pretrial motions due by July 26, 2024, and pretrial conference stricken to be reset by the Court at a later date.

8. That counsel has conferred with AUSA Michael Robinson regarding Discovery production. Due to the volume of Discovery produced by the Government, counsel requires more time than is currently provided under the scheduling order to obtain and review the discovery produced by the Government, prepare pretrial motions, and prepare a defense for Trial.

9. That both counsel for the Government and counsel for the Defendant believe that in this case, the ends of justice outweigh the interests of the public and the Defendant in a speedy trial. 18 U.S.C. ß3161(h)(7)(A).

10. That counsel for Defendant understands that an "ends of justice" continuance should not be granted cavalierly and that the publiv has an equal interest in a speedy trial. *See United States v. Toombs,* 574 F.3d 1262, 1269, 1273 (10th Cir. 2009). Among the factors which the Court must consider in making a determination on an "ends of justice" continuance are:

    A. Whether failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. §3161(h)(7)(B)(i).

    B. Whether the case is so unusual or complex, due to the existence of a novel question of fact or law, that it is undreasonable to expect adequate preparation for

  the trial itself within the time limits imposed by the Speedy Trial Act. 18 U.S.C. §3161(h)(7)(B)(ii).

 C. Whether failure to grant a continuance in a case which, taken as a whole, is not unusual or complex would nonetheless deny counsel for the Defendant the reasonable time necessary for effective prepareation, taking into account the exercise of due diligenc.e 18 U.S.C. § 3161(h)(7)(B)(iv).

11. Failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

12. While the instant case is not unusual or complex, failure to grant a continuance would nonetheless deny Counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

**WHEREFORE**, counsel for Defendant Cole respectfully moves this Court to continue the jury trial in this matter and extend the time for filing of pretrial motions accordingly.

    Respectfully Submitted,

    */s/ Robert V. Seacat*
    Robert V. Seacat, OBA# 15441
    3220 S. Peoria Ave., Ste. 203
    Tulsa, Oklahoma 74105
    (918) 591-2555 – office
    (918) 398-6177 – fax
    Robert@SeacatLawFirm.com
    samantha@seacatlawfirm.com
    ***ATTORNEY FOR DEFENDANT, COLE***

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Dan Medlock, Attorney for Crystal Chesser

Micahel Robinson, Assistant United States Attorney


*/s/ Robert V. Seacat*
Robert V. Seacat
***ATTORNEY FOR DEFENDANT, COLE***