IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-24-80-RAW |
| ) | |
| JASON DALE COLE & ) | |
| CRYSTAL FAYE CHESSER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Jason Dale Cole's Unopposed Joint Motion to Continue Jury Trial [Docket No. 46] requesting a continuance of the trial presently set on the September 3, 2024 trial docket to the November 5, 2024 trial docket and an order extending the attendant deadlines associated therewith. Defendant Crystal Faye Chesser joins in this motion.

The Government does not object to this request.

The request for continuance is made for the following reasons which give cause for excludable time under the Speedy Trial Act. Counsel represents that due to the volume of discovery produced by the Government, counsel requires more time than is currently provided under the scheduling order to complete the receipt of and to review the materials. Additionally, time is needed to review discovery with the defendants, investigate the offenses charged, conduct legal research and file necessary motions, and meet with the defendants regarding trial preparation or other resolution of the case.

The court finds that additional time is necessary for counsel's effective preparation and advocacy for Mr. Cole and Ms. Chesser, considering counsel's exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

The court recognizes that the *McGirt* ruling has resulted in voluminous caseloads and conflicts for counsel and courts and has caused delays in reviewing discovery with defendants, interviewing witnesses, and investigating offenses.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. The instant request for a continuance falls under §3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why

the facts stated in a motion for continuance "result in the need for additional time." *Id*. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in Defendant's motion. The request for additional time to prepare is reasonable. The cause warrants the extension in the interest of justice to ensure Defendant's informed decision regarding a plea agreement or to effectively prepare for a trial.

Further, the Court finds justification to exclude the period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

The court further finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) and (B). The period of delay resulting from this continuance is considered excludable time as provided in 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the motion is GRANTED. The jury trial set for September 3, 2024 is hereby stricken and the case is reset to the November 5, 2024 Trial Docket. The pretrial motions deadline is hereby stricken and reset to September 26, 2024. The expert witness notices deadline is September 26, 2024. Any *Daubert* motions shall be filed

within 14 days of the filing of the expert witness notices.  The pretrial conference will be set by the court at a later date.

    IT IS FURTHER ORDERED that the time from September 3, 2024 to November 5, 2024, inclusive, is excludable pursuant to 18 U.S.C. §3161(h)(7).

    IT IS SO ORDERED this 24th day of July, 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE