IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. JASON DALE COLE & CRYSTAL FAYE CHESSER, *Defendant.* | Case No. CR-24-080-RAW |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO ARRESTING TROOPER'S PRIOR USE OF FORCE IN LINE OF DUTY AND UNRELATED CIVIL LITIGATION

COMES NOW the United States of America by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Michael E. Robinson and, hereby requests that the Court exclude any extrinsic evidence or reference to Oklahoma Highway Patrol Trooper Ethan Mulkey's two prior shooting incidents that occurred in the line of duty, as the evidence is improper under Federal Rules of Evidence 401, 403, 404, and 608.

### I.   FACTS

On or about November 18, 2023, Trooper E.M. was on duty patrolling the area of Skelly Road near 214th Street West, in Muskogee County, Oklahoma. Trooper E.M. observed a red Chevrolet pickup truck traveling westbound on Skelly Road going approximately 67 miles per hour in a 45 mile per hour zone. Trooper E.M. turned his patrol vehicle around and caught up to the truck. Trooper E.M. activated his emergency lights to conduct a traffic stop of the truck. The driver of the truck failed to yield and led Trooper E.M. on a high-speed pursuit down a gravel county road. Trooper E.M. pursued the truck for approximately half a mile and ultimately deactivated his emergency equipment due to the large amount of dust the truck was dispersing

from its tires. Trooper E.M. was able to keep a clear line of sight on the vehicle and ultimately saw the vehicle turn onto Garfield Road in Okmulgee County. Trooper E.M. saw the truck turn off Garfield Road into a wooded area. Trooper E.M. exited his patrol vehicle and pursued the truck on foot as it drove into the woods. Trooper E.M. saw the truck come to a stop behind a tree. Trooper E.M. identified the driver of the truck as Defendant Jason Cole, who was the sole occupant in the truck. Trooper E.M. conducted an inventory of Defendant Cole's vehicle. Trooper E.M. located two loaded pistols in the front floorboard of the truck, along with ammunition and extended round magazines for pistols and rifles. Trooper E.M. located one of the loaded pistols in the driver's side floorboard on the vehicle next to the gas pedal. In the passenger seat, Trooper E.M. located a bag containing approximately a half pound of suspected methamphetamine. The suspected methamphetamine was packaged for distribution based on Trooper E.M.'s training and experience. Trooper E.M. booked Defendant Cole into the Okmulgee County Jail without incident.

Prior to this traffic stop, Trooper E.M. had been conducting an investigation into a stolen vehicle in Coweta, Oklahoma. During the investigation, a confidential informant told Trooper E.M. that he had taken a stolen motorcycle to Defendant Cole's residence in Okmulgee as payment for methamphetamine. After receiving this tip, Trooper E.M. began conducting surveillance on Defendant Cole's residence for two weeks prior to the traffic stop. During this time, Trooper E.M. gathered information that led him to believe Defendant Cole was distributing drugs and firearms from his home, as well as possessing stolen property. After transporting Defendant Cole to jail, Trooper E.M. prepared a search warrant for Defendant Cole's residence. The warrant was granted by District Judge P.R. Trooper E.M., Okmulgee County Sheriff's Office, and resident agents with the ATF executed the search warrant for Defendant Cole's residence located at 20725 Gilmer Road, Okmulgee, Oklahoma, on November 18, 2023, at 11:30 a.m. Trooper E.M. and the

ATF agents seized several kilograms of suspected methamphetamine, approximately $10,000 in United States Currency, several pounds of marijuana, several illegal firearm suppressors, and scales for drug distribution. Defendant Cole has been convicted of multiple felonies and is prohibited from possessing firearms and ammunition.

During the execution of the search warrant, law enforcement discovered Defendant Chesser laying in bed in the master bedroom. Defendant Chesser is Defendant Cole's girlfriend. Law enforcement discovered a loaded rifle in Defendant Chesser's bed, along with approximately 60 grams of suspected methamphetamine located on a nightstand adjacent to Defendant Chesser's bed. Law enforcement also seized a loaded revolver on the nightstand. During the search, law enforcement located Defendant Chesser's daughter and infant granddaughter who lived in a camper trailer on the property approximately 35 feet from the main residence. The majority of contraband seized from the property was located in an outbuilding approximately 80 yards south of the residence. In a post-*Miranda* interview, Defendant Chesser revealed Defendant Cole is the only person with access to the building, and that the majority of the drugs at the residence belonged to him.

The substances seized from Defendant Cole's truck and from the residence were submitted to the Oklahoma State Bureau of Investigation (OSBI) for testing. In total, OSBI concluded that the crystalline substances that were submitted tested positive for a mixture and substance containing a detectable amount of methamphetamine, and the substances weighed over 3,200 grams. OSBI also determined that the green leafy substances that were submitted tested positive for marijuana, and the substances weighed over 8,400 grams.

On May 15, 2024, Defendant Jason Cole was charged in a Ten Count Indictment with Possession with Intent to Distribute Methamphetamine (Two Counts), Possession of a Machine Gun, Felon in Possession of a Firearm (Two Counts), Use and Carry of a Firearm During and in

Relation to a Drug Trafficking Crime (Two Counts), Possession with Intent to Distribute Marijuana, Possession of Unregistered Firearm, and Maintaining a Drug Involved Premises. Defendant Crystal Faye Chesser was charged with Defendant Jason Cole in Count Ten with Maintaining Drug Involved Premises.

During trial preparation, the United States became aware that Trooper E.M. was involved in two prior shooting incidents during the line of duty that drew media attention. E.M. was employed as a deputy with the Okmulgee County Sheriff's Office from April 2013 to May 2019. On September 29, 2018, then Deputy E.M. attempted to stop J.S. for a traffic violation. Instead of yielding to Deputy E.M., J.S. fled on his motorcycle at a high rate of speed. The pursuit continued through Okmulgee until J.S. jumped off his motorcycle near the intersection of Sherman Avenue and Belmont Street. Once on foot, J.S. fled to a vacant lot, where Deputy E.M. gave him commands to surrender. After refusing Deputy E.M.'s commands, J.S. retrieved an object from his pants and began advancing toward Deputy E.M. While he advanced toward Deputy E.M., J.S. stated, "I'll fucking kill you," or words to that effect, while simultaneously ignoring Deputy E.M.'s commands to surrender. As J.S. continued to advance, Deputy E.M. fired two shots, which struck J.S. in the neck and chest, respectively. J.S. died on the scene. The Oklahoma State Bureau of Investigation (OSBI) conducted an investigation and submitted their findings to the District Attorney's Office. The District Attorney's Office opined that the shooting was justifiable pursuant to 21 O.S. Section 732(3), and was necessary to prevent death or serious bodily injury to Deputy E.M. Thus, the District Attorney's Office declined to file any charges related to the shooting.

Prior to working with the Oklahoma Highway Patrol, Trooper E.M. was employed as a State Trooper with the Missouri State Highway Patrol from July 2019 to February 2022. On May 12, 2020, while working as a Missouri State Trooper, Trooper E.M. was engaged in a vehicle

pursuit of a suspect, D.S., after the suspect fled during a traffic stop. Once the pursuit ended, Trooper E.M. got out of his patrol vehicle to arrest the driver. At this time, D.S. attempted to run Trooper E.M. over. In fear for his life, Trooper E.M. discharged one round into the vehicle before the vehicle struck Trooper E.M., causing him to suffer a fractured knee. The Chief Deputy Prosecuting Attorney from Clay County Missouri reviewed the facts from an ensuing investigation and determined that Trooper E.M. acted in lawful self-defense during the incident and Trooper E.M. was cleared of any wrongdoing.

Trooper E.M. is currently the subject of three civil lawsuits for allegations of excessive force during traffic stops. Two of the lawsuits are currently pending in federal court in the Northern District of Oklahoma. The federal cases are styled "24-cv-00256-JFJ" and "24-cv-00144-CDL." The state court case is styled "CJ-2024-02669." All three traffic stops occurred in 2022 and are unrelated to Defendants' charges.

## II.   LAW AND ARGUMENT

The United States requests that the Court exclude any evidence or reference to Trooper E.M.'s prior shootings in the line of duty on the grounds that (1) they are not relevant under Rule 401, (2) its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time under Rule 403, (3) it is improper character evidence under Rule 404, and (4) it is improper impeachment evidence under Rule 608.

**I.  Trooper E.M.'s prior use of force in the line of duty and unrelated civil litigation are not relevant to the charges.**

Evidence is relevant under Rule 401 if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. In this case, Trooper E.M.'s prior use of force and unrelated civil litigation are not relevant to the charges against Defendant Cole and Defendant Chesser. The incidents involved different

parties, are too attenuated in temporal proximity, and involve different facts and circumstances, which make it irrelevant to the charged offenses. Perhaps most importantly, Trooper E.M. was cleared of any wrongdoing for both shooting incidents after thorough investigations. Regarding the civil lawsuits, Trooper E.M. has not been found liable for any wrongdoing. Since Trooper E.M.'s prior use of force in the line of duty and unrelated civil litigation do not make a fact of consequence more or less probable in Defendant's trial, any evidence or reference to the incidents should be excluded under Rule 401.

**II. Any reference to Trooper E.M.'s prior use of force in the line of duty and unrelated civil litigation should be excluded under Rule 403.**

Even assuming *arguendo* that Trooper E.M.'s prior use of force in the line of duty and unrelated civil litigation are relevant to the charged offenses, any reference to them should be excluded under Rule 403. Rule 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In this case, the probative value of allowing the defense to reference allegations that Trooper E.M. used excessive force on prior occasions is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. The central issue in the case is whether Defendant Cole unlawfully possessed controlled substances and firearms, and whether Defendant Chesser maintained a premises that was involved in the distribution of controlled substances. Allowing the defense to reference Trooper E.M.'s prior shootings in the line of duty and circumstances surrounding his pending civil litigation would create a "trial within a trial" and would confuse the issues for the jury. *United States v. Beltran-Garcia*, 338 Fed.Appx.765 (10th Cir. 2009) (unpublished) (where the Tenth Circuit upheld the trial court's exclusion of undercover agent's prior misconduct based on remoteness in time and

because the misconduct occurred under different circumstances). The allegations of excessive force have no probative value in this case since they involve different parties and different circumstances. Allowing extrinsic evidence or cross-examination on these unrelated incidents would result in needlessly impugning the integrity and professionalism of Trooper E.M., which may leave the jury with the inference that he cannot be trusted because he is a bad person for being alleged to have used excessive force on prior occasions. Since the probative value of the allegations of excessive force is low, and the risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time are high, any reference to the events should be excluded under Rule 403.

**III. Any reference to Trooper E.M.'s prior use of force and unrelated civil litigation are improper under Rule 404(a).**

Rule 404(a)(1) states that evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Under Rule 405(a), when evidence of a person's character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. Inquiries into specific instances of a person's conduct are precluded by Rule 405(b), unless a person's character or character trait is an essential element of a charge, claim, or defense. *United States v. Talamante*, 981 F.2d 1153 (10th Cir. 1992) (where court ruled the defendant's use of evidence of the victim's violent character to prove the victim was the aggressor is circumstantial use of character evidence, and thus not admissible under Rule 405(b)). In this case, there are no allegations Trooper E.M. used excessive force during the arrest of Defendant Cole or Defendant Chesser. Any reference or questions on cross-examination about Trooper E.M.'s prior use of force in the line of duty or unrelated civil litigation to infer he is a violent person or not a competent Trooper are therefore irrelevant to the charges and should be excluded as improper character

evidence. Therefore, any extrinsic evidence, inquiry during cross-examination, or reference to Trooper E.M.'s prior use of force and the circumstances surrounding his unrelated civil litigation should be excluded as improper character evidence.

**IV. Any reference to Trooper E.M.'s prior use of force in the line of duty and unrelated civil litigation is improper under Rule 608.**

Rule 608(b) states that "except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witnesses' character for truthfulness." The Rule states that "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Any reference to Trooper E.M.'s prior use of force and pending civil litigation is not probative of his character for truthfulness, so the defense should be precluded from asking him about the incidents on cross-examination.

## CONCLUSION

The government respectfully requests this Court exclude any reference to Trooper E.M.'s prior use of force that occurred in the line of duty, as well as any reference to his pending civil lawsuits.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney


MICHAEL E. ROBINSON
MICHAEL ROBINSON MA BA #693574
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5144
Michael.robinson3@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of September, 2024, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Robert Seacat, Attorney for Defendant
    Dan Medlock, Attorney for Defendant

                                         s/    Michael E. Robinson
                                               MICHAEL E. ROBINSON
                                               Assistant United States Attorney