IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>*Plaintiff* )<br>)<br>v. )<br>)<br>**CRYSTAL FAYE CHESSER,** )<br>*Defendant* ) | Case No. CR-24-080-RAW |

**DEFENDANT'S OBJECTION TO
GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO
ARRESTING TROPPER'S PRIOR USE OF FORCE IN LINE OF DUTY AND
UNRELATED CIVIL LITIGATION**

Comes now the Defendant, Crystal Faye Chesser, by and through her attorney, Dan Medlock, and hereby objects to the Government's Motion in Limine. (Doc #50). In support of this Objection, Defendant submits the following.

The Government has filed a Motion in Limine seeking to limit any evidence concerning Trooper E.M.'s prior use of force and pending civil litigation on the grounds that (1) these incidents are not relevant under Rule 401, (2) its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time under Rule 403, (3) it is improper character evidence under Rule 404, and (4) it is improper impeachment evidence under Rule 608. However, this evidence is directly relevant to the issues of credibility, bias, and potential pattern conduct. The exclusion of such evidence would deprive Defendant of her right to a fair trial, including the ability to cross-examine a key witness effectively.

The Government's Motion in Limine (Doc. 50) specifically cites to a shooting incident in September of 2018, a shooting incident in May of 2020, a civil lawsuit pending in Tulsa County case CJ-2024-2669, and two separate civil lawsuits pending in Northern District of Oklahoma case 24-CV-256-JFJ and 24-CV-144-CDL. It should be noted that the day after the Government filed

1

its motion, yet another civil lawsuit against Trooper E.M. was filed in the Northern District of Oklahoma case 24-CV-457-SH.

The Sixth Amendment guarantees the right to confront witnesses. Limiting the scope of cross-examination into areas that implicate Trooper E.M.'s credibility would violate Defendant's confrontation rights. *See Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.").

### I.   Trooper E.M.'s prior use of force and pending civil litigation are relevant

The government contends that evidence of Trooper E.M.'s prior use of force and civil litigation is not relevant under Rule 401. We respectfully disagree. The relevance here lies in the jury's need to evaluate the totality of the circumstances under which Trooper E.M. acted. Evidence of Trooper E.M.'s past conduct directly informs whether the jury can trust his account of events. The credibility of a witness, especially a key government witness like Trooper E.M., is always a fact of consequence in determining the action. His testimony and actions are instrumental in establishing the Government's case against Ms. Chesser. Evidence of prior incidents may affect the assessment of probable cause for the search warrant and the reliability of the information provided by Trooper E.M. to the magistrate. While the prior incidents involve different parties and circumstances, they may reveal a pattern of behavior relevant to the current case, such as overzealousness or disregard for proper procedures. The prior shootings and ongoing civil litigation may indicate that Trooper E.M. has a motive to fabricate or exaggerate evidence to justify his actions or avoid further scrutiny. The fact that investigations cleared him of wrongdoing does not render the incidents irrelevant. The defense is entitled to explore these incidents to assess his credibility and possible biases. "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might

bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 469 (1984). "Securing the opportunity to cross-examine witnesses is the essential purpose of the constitutional right to confront witnesses. *United States v. Sarracino*, 340 F.3d 1148, 1167 (10th Cir. 2003) (*citing Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986); *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974)). "The Court in *Van Arsdall* and *Davis* recognized that showing a witness's motivation or bias is an important function of cross-examination." *Id*. This evidence is relevant under Rule 401 as it directly impacts the credibility of a key witness and the integrity of the investigation leading to Ms. Chesser's charges.

    **II.**    **References to Trooper E.M.'s prior use of force and pending civil litigation are not protected under Rule 403**

The Government invokes Rule 403 to argue that such evidence would confuse the jury. But what greater confusion could exist than asking the jury to blindly accept the testimony of a witness without knowledge of his full character and history? The probative value of this evidence far outweighs any potential prejudice. The defense is not seeking to engage in a witch hunt but is seeking to expose a pattern that goes to the heart of whether the Defendant's rights were respected. In this case, the prior incidents would not be introduced to show that Trooper E.M. has a propensity for excessive force. Rather, they are critical to establish bias, motive, and a potential pattern of misconduct.

The government argues that even if relevant, the evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time. While all evidence against a party carries some prejudice, Rule 403 concerns only unfair prejudice. Proper limiting instructions can mitigate any potential prejudice. The prior incidents can be presented succinctly without causing confusion. The jury can be instructed on the specific purposes for which they may consider the

evidence. Addressing these issues would not result in a "trial within a trial." The defense can limit examination to relevant aspects affecting credibility.

The Government cites to *United States v. Beltran-Garcia*, 338 Fed.Appx.765 (10th Cir. 2009), an unpublished case from the Tenth Circuit for support of its position. However, in *Beltran-Garcia*, the defendant was involved in a drug transaction with an undercover officer. After the drug transaction, Beltran-Garcia confessed to a DEA agent. *Id*. at 767. At trial, Beltran-Garcia sought to impeach the undercover officer based on prior misconduct. Ultimately, the court found that the trial court did not abuse its discretion in excluding the evidence. *Id*. at 771. The court did not hold that the trial court was required to exclude this type of evidence. The court even noted that the trial court could have dealt with many of the issues to avoid a trial within a trial. *Id*. at 772.

In the case at bar, Trooper E.M.'s credibility is crucial to the events that led to Chesser's arrest and the discovery of incriminating evidence. Law enforcement discovered a loaded rifle in Ms. Chesser's bed, along with a substantial quantity of methamphetamine near her bedside. Trooper E.M.'s testimony will likely be key in establishing the proximity of the contraband to Ms. Chesser and tying her to the alleged criminal activity. Any misconduct or credibility issues surrounding Trooper E.M.'s past actions have a direct bearing on his reliability in this case. The defense must be able to cross-examine him regarding his pattern of behavior in stressful situations and his prior involvement in violent or questionable conduct, as it may lead the jury to doubt his testimony about what he allegedly found in Ms. Chesser's immediate possession. If his credibility is weakened, it could substantially affect the jury's evaluation of his testimony regarding the discovery of drugs and firearms in proximity to Ms. Chesser.

Given the centrality of Trooper E.M.'s testimony to the discovery of evidence near Ms. Chesser, the prior use-of-force incidents offer essential context for the jury to determine whether

Trooper E.M. is likely to have acted truthfully and in accordance with proper procedures during the investigation. The risk of unfair prejudice is minimal compared to the substantial need for the defense to fully cross-examine Trooper E.M. on all relevant aspects of his conduct, especially in a case where credibility is key.

### III.  References to Trooper E.M.'s prior use of force and pending civil litigation are not improper under Rule 404(a)

The government asserts that any reference to the prior incidents is improper character evidence under Rule 404(a). The prior incidents are not introduced to show that Mulkey has a propensity for violence. Rather, they are critical to establish bias, motive, and a potential pattern of misconduct. *See Huddleston v. United States*, 485 U.S. 681, 685 (1988).

### IV.  References to Trooper E.M.'s prior use of force and pending civil litigation are not improper under Rule 608

The government argues that references to the prior incidents are improper under Rule 608 because they are not probative of the character for truthfulness or untruthfulness.

The Government contends that the pending civil suits are inadmissible under Rule 608(b) as extrinsic evidence unrelated to truthfulness. However, the lawsuits allege a pattern of an abuse of power - this is not about a singular error in judgment, but repeated misconduct that speaks to whether Trooper E.M. has a propensity to abuse power and distort the truth to justify his actions. Jurors must hear this to determine whether he acted lawfully or abusively in this case.

Federal Rule of Evidence 608 permits inquiry into specific instances of a witness's conduct if relevant to the witness's character for truthfulness. Here, the Government will rely heavily on Trooper E.M.'s testimony to support both the initial traffic stop and the search that led to the discovery of contraband. Where a witness's credibility plays a decisive role, prior misconduct -

particularly use-of-force incidents drawing public scrutiny - bears directly on truthfulness and reliability. *See United States v. Abel*, 469 U.S. 45, 52 (1984).

## CONCLUSION

For the foregoing reasons, Defendant Crystal Faye Chesser respectfully requests that the Court deny the government's motion to exclude evidence or references to Trooper E.M.'s prior use of force in the line of duty and pending civil litigation. The evidence is relevant, its probative value is not substantially outweighed by any prejudicial effect, and it is admissible under the Federal Rules of Evidence. Admission of this evidence is essential to ensure a fair trial and to protect Ms. Chesser's constitutional rights. In the alternative, Defendant would request the Court to reserve ruling on this matter, Order the Government to produce material related to Trooper E.M. in compliance with *Brady*, *Giglio*, and its progeny, and an evidentiary hearing can be held on this matter. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

Respectfully submitted,

s/ Dan Medlock
Dan Medlock, OBA #20092
Attorney for Defendant Chesser
555 W. Okmulgee
Muskogee, OK 74401
(918) 912-2000 phone
dan@medlocklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Robinson, Assistant United States Attorney

s/ Dan Medlock
Dan Medlock

Attorney for Defendant Chesser