**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | |
| **v.** | **Case No.  CR-24-080-RAW** |
| **JASON DALE COLE &
CRYSTAL FAYE CHESSER,** | |
| *Defendant*. | |

## UNITED STATES TRIAL BRIEF

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    Michael E. Robinson
MICHAEL ROBINSON, MA BA# 693574
Assistant United States Attorney
520 Denison Ave.
Muskogee, OK 74401
Michael.Robinson3@usdoj.gov

November 4, 2024

## <u>TABLE OF CONTENTS</u>

**STATUS OF THE CASE**   **4**

**FACTUAL OVERVIEW**   **5**

**PROCEDURAL HISTORY**   **9**

**LEGAL AND EVIDENTIARY ISSUES**

   **Drug Involved Premises**  **15**

   **Bruton Rule**  **16**

   **Knowing Possession**  **17**

   **Rule 609**  **18**

   **Rule 404(b)**  **19**

   **Expert Witnesses**  **19**

   **Jail Calls and Texts**  **20**

**PROSPECTIVE WITNESSES**   **21**

**CONCLUSION**   **23**

## <u>TABLE OF AUTHORITIES</u>

**<u>Federal Cases</u>**

*United States v. Verners*, 53 F.3d 291 (10th Cir. 1995)                    15

*United States v. McCullough*, 457 F.3d 1150 (10th Cir. 2006)              15

*United States v. Mata-Rodriguez*, 445 Fed.Appx.80 (10th Cir. 2011)       15

*Richardson v. Marsh*, 481 U.S. 200 (1987)                                17

*Gray v. Md*, 523 U.S. 185 (1998)                                         17

*United States v. Commanche*, 577 F3.d 1261 (10th Cir. 2009)              19

*United States v. Moran*, 503 F.3d 1135 (10th Cir. 2007)                  19

*United States v. Bush*, 405 F.3d 909 (10th Cir. 2005)                    21

*United States v. Watson*, 594 F.2d 1330 (10th Cir. 1979)                 21

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. CR-24-080-RAW** |
| **JASON DALE COLE &
CRYSTAL FAYE CHESSER,** | |
| *Defendant.* | |

## UNITED STATES TRIAL BRIEF

Plaintiff, United States of America, by and through Christopher J. Wilson, United States Attorney, and Michael E. Robinson, Assistant United States Attorney, respectfully submits its brief for trial in the above-styled case.

## STATUS OF THE CASE

A.  A jury trial is currently set for the December 3, 2024, trial docket before the Honorable Ronald A. White.

B.  Estimated time for trial (including jury selection) is 4 days.

C.  Defendant is in custody.

D.  Trial by jury has not been waived.

E.  At trial, the United States will be represented by undersigned counsel, Michael E. Robinson, and Jarrod Leaman.

F.  The United States expects to call approximately 10 witnesses during its case-in-chief.

G.  The United States requests that the Court instruct witnesses for both parties to comply with Federal Rule of Evidence 615.

H.  An interpreter is not needed.

**Page 4 of 24**

I.      The United States is not aware of any discovery issues and has provided Rule 16 discovery to Defendant. The United States will continue to adhere to the duty to disclose under Rule 16 should additional evidence be discovered. The United States also will turn over any required *Brady* and *Giglio* material prior to trial commencing. Jencks Act material will be produced to Defendant prior to trial.

J.      Defendant has not given the United States notice of any affirmative defense, provided the United States with any discovery, or disclosed any expert witnesses. The United States has previously made a demand for reciprocal discovery from Defendant.

K.      The parties have not formally reached any stipulations at this time. The parties have not yet discussed pre-admission of exhibits but will do so prior to the pretrial conference.

## FACTUAL OVERVIEW

On or about November 18, 2023, Trooper Ethan Mulkey was on duty patrolling the area of Skelly Road near 214th Street West, in Muskogee County, Oklahoma. Trooper Mulkey observed a red Chevrolet truck traveling westbound on Skelly Road going approximately 67 miles per hour in a 45 mile per hour zone. Trooper Mulkey turned his patrol vehicle around and caught up to the truck. Trooper Mulkey observed the truck rapidly decrease its speed and travel below the posted speed limit, while continuously traveling over the marked center line of the roadway. Trooper Mulkey noticed this truck was a vehicle of interest in several burglaries and larcenies in the area. Trooper Mulkey activated his emergency lights to conduct a traffic stop of the truck.

The driver of the truck failed to yield to Trooper Mulkey's emergency lights and sirens and led Trooper Mulkey on a high-speed pursuit down a gravel county road. Trooper Mulkey pursued the truck for approximately half a mile and ultimately deactivated his emergency equipment due to the large amount of dust the truck was dispersing from its tires. Trooper Mulkey was able to keep a clear line of sight on the truck and ultimately saw the truck turn onto Garfield Road in Okmulgee County. Trooper Mulkey then observed the truck turn off Garfield Road into a wooded

area.  Trooper Mulkey exited his patrol vehicle and pursued the truck on foot as it drove into the woods.  Trooper Mulkey observed the truck come to a stop behind a tree.  Trooper Mulkey identified the driver of the truck as Defendant Jason Cole ("Defendant Cole").  Trooper Mulkey placed Defendant Cole under arrest and looked into the truck to see if there were any other occupants.  After confirming Defendant Cole was the sole occupant of the truck, Trooper Mulkey conducted an inventory and located two loaded pistols in the front floorboard, along with ammunition and extended round magazines for pistols and rifles.  One of the pistols in the truck was a Glock, Model 23Gen4, .40-caliber pistol, bearing serial number BKRZ205, which had been modified by the addition of a "Glock switch" to function as a machine gun.  In the passenger seat, Trooper Mulkey located a bag containing approximately a half pound of a clear, crystal-like substance.  The suspected methamphetamine was packaged for distribution based on Trooper Mulkey's training and experience.  Trooper Mulkey booked Defendant Cole into the Okmulgee County Jail without incident.

Prior to this traffic stop, Trooper Mulkey had been conducting an investigation into a stolen vehicle in Coweta, Oklahoma.  During the investigation, a confidential informant told Trooper Mulkey that he had taken a stolen motorcycle to Defendant Cole's residence in Okmulgee as payment for methamphetamine.  After receiving this tip, Trooper Mulkey began conducting surveillance on Defendant Cole's residence for two weeks prior to the traffic stop.  During this time, Trooper Mulkey gathered information that led him to believe Defendant Cole was distributing drugs and firearms from his home, as well as possessing stolen property.  After transporting Defendant Cole to jail, Trooper Mulkey prepared a search warrant for Defendant Cole's residence.  The warrant was granted by Judge Pandee Ramirez of the Okmulgee County

District Court. Trooper Mulkey, deputies from the Okmulgee County Sheriff's Office, and agents with the ATF executed the search warrant for Defendant Cole's property located at 20725 Gilmer Road, Okmulgee, Oklahoma, on November 18, 2023, at approximately 11:30 a.m.

The property located at 20725 Gilmer Road consisted of a residence and an outbuilding. While securing the premises pre-search, law enforcement discovered Defendant Crystal Faye Chesser ("Defendant Chesser") in the master bedroom in bed with a loaded rifle and pistol. Defendant Chesser is Defendant Cole's girlfriend. On the nightstand adjacent to the bed, law enforcement found a loaded revolver and Defendant Chesser's identification card. Law enforcement seized approximately 60 grams of methamphetamine from a black bag that was located in a kitchen cabinet[1]. Law enforcement also seized several scales with clear, crystal-like residue on them, and several pounds of marijuana from the main residence. The deed to 20725 Gilmer Road shows that the property was purchased by Defendant Cole and Defendant Chesser on April 6, 2023.

During the search of the outbuilding, which is located approximately 80 yards south of the residence, law enforcement seized several kilograms of suspected methamphetamine, approximately $10,000 in United States currency, multiple firearm suppressors, multiple firearms, over two hundred pounds of various calibers of ammunition, multiple scales used for drug distribution, and a piece of mail addressed to Defendant Cole. In a post-*Miranda* interview, Defendant Chesser revealed to Trooper Mulkey that Defendant Cole is the only person with access to the outbuilding, and that the majority of the contraband belonged to Defendant Cole. Trooper

---

[1] The United States' motion in limine incorrectly asserted that approximately 60 grams of suspected methamphetamine was found in the nightstand adjacent to Defendant Chesser's bed. (Doc. No. 50, p. 3). This was taken from Trooper Mulkey's report (Bate Stamp 49). The error was due to a communication between Trooper Mulkey and the agents who conducted the search.

Mulkey also interviewed Defendant Cole's son, A.M.  After waiving his *Miranda* rights, A.M. stated that Defendant Cole is the only person with a key to the lock that was on the outbuilding. Law enforcement seized a SIM card from a surveillance camera overlooking the entrance to the residence and secured an additional search warrant.  In a recorded video on October 30, 2023, Defendant Cole is seen at the entrance of the outbuilding, and Defendant Chesser is seen in the yard raking leaves.

The substances seized from Defendant Cole's truck and from the residence were submitted to the Oklahoma State Bureau of Investigation (OSBI) for testing.  In total, OSBI concluded that the crystalline substances that were submitted tested positive for a mixture and substance containing a detectable amount of methamphetamine, and the substances weighed over 3,200 grams in total net weight.  OSBI also determined that the green leafy substances that were submitted tested positive for marijuana, and the substances weighed over 8,400 grams.

The firearms that were seized from Defendant Cole's vehicle and property were submitted to the ATF for analysis.  SA Keck conducted an interstate commerce nexus on the firearms and concluded they were manufactured outside the state of Oklahoma.  Firearms Enforcement Officer (FEO) Jeffrey Bodell examined the Glock, Model 23Gen4, .40-caliber pistol, bearing serial number BKRZ205, and concluded it had been modified to shoot more than one round of ammunition without manual reloading by a single function of the trigger, and that the firearm constitutes a machine gun as defined in Title 26, United States Code, Section 5845(a), and Title 18, United States Code, Section 921(a)(24).  FEO Bodell also examined the five suppressors which are referenced in Count 8 of the Indictment, and concluded they constitute "firearm silencers" as defined in Title 26, United States Code, Section 5845(b) and Title 18, United States Code, Section

921(a)(25).  Firearms and Explosives Specialist H.H. is the custodian of record for the National

Firearms Registration and Transfer Record ("NFRTR"), which is a central registry of firearms that

come within the purview of Title 26, United States Code, Chapter 53.  H.H. queried the NFRTR

to see if Defendant Cole or Defendant Chesser registered the machine gun and suppressors and

received negative results.

## **Procedural History**

On May 15, 2024, an Indictment was returned against Defendant Cole on ten counts.

Defendant Chesser was named as a co-defendant in Count 10 of the Indictment.  The charges are:

Count One: Possession with Intent to Distribute Methamphetamine, in violation of
21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)

Count Two: Possession of a Machine Gun, in violation of 18 U.S.C. §§ 922(o) &
924(a)(2)

Count Three: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§
922(g)(1) and 924(a)(8)

Count Four: Use and Carry of a Firearm During and in Relation to a Drug
Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 924(c)(1)(B)(ii)

Count Five: Possession with Intent to Distribute Methamphetamine, in violation of
21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)

Count Six: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(D)

Count Seven: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§
922(g)(1) and 924(a)(8)

Count Eight: Possession of Unregistered Firearm, in violation of 26 U.S.C. §§ 5845,
5861(d) & 5871

Count Nine: Use and Carry of a Firearm During and in Relation to a Drug
Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 924(c)(1)(B)(ii)

<u>Count Ten</u>: Maintaining Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1) & 18 U.S.C. § 2

On May 20, 2024, Defendant Cole and Defendant Chesser were arraigned on the charges and entered a plea of not guilty. The case was originally set for trial on July 2, 2024. Defense Counsel moved for an extension of those deadlines and the trial. That motion was granted, and the new trial date was set for the September 3, 2024, trial docket. Defense counsel moved for a second continuance on July 23, 2024. That motion was granted, and the new trial date was set for the November 5, 2024, trial docket. On September 25, 2024, Defense counsel moved for a third continuance. That motion was granted, and the new trial date was set for the December 3, 2024, trial docket. On October 10, 2024, Defense counsel for Defendant Cole filed a motion to withdraw after being terminated by Defendant Cole.

## **OFFENSES ALLEGED IN THE INDICTMENT**

### **COUNTS ONE AND FIVE**

### **POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE [21 U.S.C. §§ 841 (a)(1) & 841(b)(1)(B)]**

Defendant Cole is charged in Counts 1 and 5 of the Indictment with Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)[2]. For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

|  |  |
|---|---|
| First: | Defendant knowingly and intentionally possessed a controlled substance, to wit: methamphetamine; |
| Second: | The substance was in fact a mixture and substance of methamphetamine; |

---

[2] Count 5 alleges a violation of 21 U.S.C. §§ 841 (a)(1) & 841(b)(1)(A), which requires the United States to prove Defendant possessed over 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

Third:      The Defendant possessed the mixture and substance of methamphetamine with the intent to distribute it;

Fourth:     The amount of the mixture and substance of methamphetamine was at least 50 grams; and

Fifth:      Methamphetamine is a controlled substance within the meaning of the law.

## COUNT TWO

### POSSESSION OF A MACHINE GUN
### [18 U.S.C. §§ 922(o) & 924(a)(2)]

Defendant Cole is charged in Count 2 of the Indictment with Possession of a Machine Gun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).  For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

**Elements**:

First:      Defendant knowingly possessed a firearm;

Second:     The firearm was a machine gun;

Third:      Defendant had knowledge the firearm was a machine gun, i.e., that it had been modified to shoot more than one round of ammunition without manual reloading by a single function of the trigger

### COUNTS THREE AND SEVEN

### FELON IN POSSESSION OF A FIREARM
### [18 U.S.C. §§ 922(g)(1) & 924(a)(8)]

**Elements**:

Defendant Cole is charged in Counts 1 and 7 of the Indictment with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).  For

Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

First:        Defendant knowingly possessed a firearm;

Second:    Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition;

Third:       Defendant knew he was a convicted felon; and

Fourth:    Before Defendant possessed the firearm, the firearm and had moved at some time from one state to another, or from a foreign country to the United States.

## <u>COUNT FOUR</u>

### <u>USE AND CARRY OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME</u>
**[18 U.S.C. §§ 924(c)(1)(A)(i) & 924(c)(1)(B)(ii)]**

**Elements**:

Defendant Cole is charged in Count 4 of the Indictment with Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).  For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

**Elements**:

First:        Defendant committed Possession with Intent to Distribute Methamphetamine, a drug trafficking crime, as charged in Count of the Indictment

Second:    Defendant used and carried a firearm during and in relation to the drug trafficking crime.

## COUNT SIX

## POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
**[21 U.S.C. §§ 841 (a)(1) & 841(b)(1)(D)]**

Defendant Cole is charged in Count 6 of the Indictment with Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D). For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

**Elements**:

|  |  |  |
|---|---|---|
| First: | Defendant knowingly and intentionally possessed a controlled substance, to wit: marijuana; |
| Second: | The substance was in fact marijuana; |
| Third: | The Defendant possessed the marijuana with the intent to distribute it; |
| Fourth: | The amount of the mixture and substance of methamphetamine was less than 50 kilograms; |
| Fifth: | Marijuana is a controlled substance within the meaning of the law. |

## COUNT EIGHT

## POSSESSION OF UNREGISTERED FIREARM
**[26 U.S.C. §§ 5845, 5861(d) & 5871]**

Defendant Cole is charged in Count 8 of the Indictment with Possession of Unregistered Firearm, in violation of Title 26, United States Code, Sections 5845, 5861(d) and 5871. For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

**Elements**:

| First: | Defendant knowingly possessed a firearm; |
|---|---|
| Second: | The firearm was a machine gun |
| Third: | Defendant had knowledge the firearm was a machine gun |
| Fourth: | The machine gun was not registered with the NFRTR |
| Fifth: | Defendant possessed the firearm after the passage of the Firearms Owners' Protection Act of 1986. |

## COUNT NINE

## USE AND CARRY OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### [18 U.S.C. §§ 924(c)(1)(A)(i) & 924(c)(1)(B)(ii)]

Defendant Cole is charged in Count 9 of the Indictment with Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii). For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

**Elements**:

| First: | Defendant committed Possession with Intent to Distribute Methamphetamine, a drug trafficking crime, as charged in Count of the Indictment |
|---|---|
| Second: | Defendant used and carried a firearm during and in relation to the drug trafficking crime. |

## COUNT TEN

## MAINTAINING DRUG INVOLVED PREMISES
### [21 U.S.C. § 856(a)(1) & 18 U.S.C. § 2]

Defendant Cole and Defendant Chesser are charged in Count 10 of the Indictment with Maintaining Drug Involved Premises, in violation of Title 21, United States Code, Sections

856(a)(1) and 18 United States Code, Section 2.  For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

**Elements**:

| | |
|---|---|
| First: | Defendant knowingly opened, leased, rented, used, or maintained any place, whether permanently or temporarily; |
| Second: | For the purpose of manufacturing, distributing, or using any controlled substance.[3] |

## LEGAL AND EVIDENTIARY ISSUES

### I.   Drug Involved Premises

Both Defendant Cole and Defendant Chesser are charged in Count 10 of the Indictment with Maintaining Drug Involved Premises.  The United States will offer the deed of the residence at 20725 Gilmer Road, Okmulgee, Oklahoma, under FRE 803(14) to show that Defendant Cole and Defendant Chesser purchased the residence on April 6, 2023, and were thus the owners of the premises.  Tenth Circuit precedent requires that the defendant have a "substantial connection" to the home and be more than "casual visitors." *United States v. Verners*, 53 F.3d 291 (10th Cir. 1995).  The *Verners* court noted that where a defendant lives in the house in question, this element is easily proved. *Verners* at 296, quoting *United States v. Onick*, 889 F.2d 1425 (5th Cir. 1989).

The Tenth Circuit has held that a house can be a drug-involved premises even if drug dealing is not its sole purpose, however, manufacturing, distributing, or using any controlled substance must be at least one of the primary or principal uses to which the house is put. *United States v. McCullough*, 457 F.3d 1150 (10th Cir. 2006).  It is sufficient that the defendant

---

[3] *United States v. McCullough*, 457 F.3d 1150 (10th Cir. 2006).

knowingly and intentionally made the residence available for drug use and distribution. *United States v. Mata-Rodriguez*, 445 Fed.Appx.80 (10th Cir. 2011).

In this case, the majority of methamphetamine was found in the outbuilding, which according to Defendant Chesser and A.S., is a part of the premises that Defendant Cole had exclusive access to. Based on the presence of Defendant Cole's mail in the outbuilding as well as his personal effects, it is clear he was using the outbuilding as a place to store the methamphetamine he intended to distribute.

However, both Defendant Cole and Defendant Chesser had dominion and control over the main residence, which is where over 60 grams of methamphetamine was seized by law enforcement. In addition to the methamphetamine, law enforcement seized multiple scales that contained a clear, crystal-like residue on them. Since over three kilograms of methamphetamine was seized from the outbuilding, it is likely the 60 grams of methamphetamine found in the kitchen was for Defendant Cole and Defendant Chesser's personal use. During the search of the residence, law enforcement also seized several pounds of marijuana and multiple firearms. In a post *Miranda* interview, Defendant Chesser stated, "the majority of the contraband belonged to Cole," or words to that effect, which is relevant to her knowledge of the presence of contraband in the house as well as her ability to exercise dominion and control over it. Based on the quantity of methamphetamine, marijuana, and drug paraphernalia that was seized from the premises, it is clear drug use and distribution was a major purpose of the residence, as opposed to merely a collateral or incidental purpose.

## II.    Bruton Rule

During the search of the premises, Trooper Mulkey conducted an interview of Defendant Chesser.  After waiving her *Miranda* rights, Defendant Chesser told Trooper Mulkey "the majority of the contraband belonged to Cole," or words to that effect.   Defendant Chesser's acknowledgement of the contraband on the premises is relevant and material to her maintenance of a drug involved premises, as well as an admission that at least some of the contraband belonged to her.

At trial, the United States plans to elicit from Trooper Mulkey that Defendant Chesser made statements indicating she had knowledge of the contraband on the premises.  Since Defendant Chesser's statement is an admission that she knew contraband was on the premises as well as a statement that implicates her co-defendant, the United States plans to only elicit from Trooper Mulkey that Defendant Chesser made statements that conceded her knowledge of contraband on the premises without specific reference to Defendant Cole.  The Supreme Court has acknowledged that the admission of co-defendant confessions that are redacted to remove any reference or obvious indications to other defendants will not violate the Bruton Rule.  *Richardson v. Marsh*, 481 U.S. 200 (1987), *Gray v. Md*, 523 U.S. 185 (1998).

## III.    Proving Knowing Possession

Defendant Cole is charged in Counts 2 and 4 with crimes related to his possession of a Glock, Model 23Gen4, .40-caliber pistol, which had been modified by the addition of a "conversion device" to function as a machine gun.  Since the firearm was seized from Defendant Cole's truck after he fled from Trooper Mulkey, the most material and contested

issue at trial will be whether Defendant Cole knowingly or intentionally possessed a machine gun.

Since Defendant Cole did not admit to possessing a machine gun, the trier of fact must resort to reasonable inferences from both the direct and circumstantial evidence to determine whether Defendant Cole had the requisite knowledge or intent to possess a firearm that could fire in a fully automatic manner.  The United States will point to Defendant Cole's exclusive possession of the machine gun, his flight from Trooper Mulkey, and the presence of extended magazines in his truck, which all support an inference he was aware of the conversion device on his pistol.  The United States will argue Defendant clearly has knowledge of firearms, based on the presence of multiple firearms, over two hundred pounds of ammunition, and a Gun Digest magazine at his residence with the title "Suppressed" that depicts different types of firearm silencers.

Lastly, the forensic extraction of Defendant Cole's cell phone shows that two separate numbers texted him a video of a man shooting a pistol that had been modified to function as a machine gun.  The United States will notice this media in its electronic media notice and will offer this evidence in rebuttal should Defendant Cole assert at trial that he did not know the Glock pistol had been modified into a machine gun.

The United States will also offer several videos from Defendant Cole's surveillance camera, which shows him inside the outbuilding where three kilograms of methamphetamine was seized during the search warrant.  Defendant Cole's surveillance camera shows him walking around his premises with a rifle on multiple occasions between August 2023 and October 2023, which is relevant to his knowing possession of firearms on November 18, 2023.

IV.     **Rule 609**

The United States has provided notice under Rule 609 to impeach Defendant Cole with his prior felony convictions should he testify at trial. As referenced in the Rule 609 Notice (Doc. No. 49), Defendant Cole has been convicted of Felony Eluding (2012), Distribution of Controlled Dangerous Substance (1999), Driving a Motor Vehicle Under the Influence of Drugs (2014), Possession of Firearm after Former Felony Conviction (2014), and Possession of Controlled Dangerous Substance (2014).  Should Defendant Cole elect to testify at trial, the United States will seek to introduce evidence of Defendant Cole's prior felony convictions for impeachment under Rule 609.  If Defendant testifies, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the Defendant's credibility.  *United States v. Commanche*, 577 F3.d 1261 (10th Cir. 2009).

V.      **Rule 404(b)**

The United States has provided notice under Rule 404(b) of its intent to put on evidence of Defendant Cole's prior conviction of Possession of Firearm after Former Felony Conviction (2014), to show his knowledge, intent, and absence of mistake, and lack of accident with regard to the charged offenses.  The Tenth Circuit has held that evidence a defendant possessed a firearm on a previous occasion is relevant to show his knowledge and intent to possess a firearm on a subsequent occasion giving rise to the charged offenses.  *United States v. Moran*, 503 F.3d 1135 (10th Cir. 2007) (affirming district court's admission of prior gun possession to show knowledge). The fact Defendant Cole knowingly and unlawfully possessed a firearm in the past supports the inference that he had the same knowledge and intent in the context of the charged offense.  *Id*. at 1144.

## VI.    Expert Witnesses (ATF/DEA)

The United States will call multiple experts in its case-in-chief to prove Defendant Cole's unlawful possession of firearms and narcotics. FEO Bodell from the ATF will testify about his analysis of the Glock, Model 23Gen4, .40-caliber pistol, which had been modified by the addition of a "Glock switch" to function as a machine gun.  FEO Bodell will also testify about how the suppressors found during the search warrant meet the definition of "firearm silencers" as defined in Title 26, United States Code, Section 5845(b).  Firearms and Explosives Specialist H.H. will testify that neither Defendant Cole nor Defendant Chesser registered any machine guns or suppressors with the NFRTR.  SA Keck will testify that he conducted an interstate nexus on the firearms listed in the Indictment, and that they traveled through interstate commerce.

D.C. from OSBI will testify that he analyzed the crystal-like substances that were seized from Defendant Cole's truck and premises and explain how they tested positive for a mixture and substance of methamphetamine, with a total net weight of 3,212.83 grams.  D.C. will also testify that the green, leafy substances that were submitted tested positive for marijuana, with a total net weight of 4,551.42 grams.  SA Ryan Young from the DEA will testify as a "blind" witness about indicia of drug distribution, which includes the weight of the controlled substance possessed and the presence of any drug distributing paraphernalia such as scales.

## VII.   Jail Calls and Texts

The United States will seek to introduce several of Defendant's text messages and recorded jail calls. To be admissible, tape-recorded evidence must have a proper foundation, must be relevant, and must not be privileged.  On December 12, 2023, at 10:33 p.m., Defendant Cole texted L.G., "thank you plz just tell c that I broke the conspiracy. The wildlife conservation teamed up

with the hwy patrol to seize my meth n wepons n lock me in jail to save the deer population." The United States will offer this text message under Rule 801(d)(2) as an opposing party statement. In a recorded jail call on November 21, 2023, Defendant Chesser was discussing the charges with Defendant Cole's mother and whether law enforcement found any fentanyl on the premises. In reference to fentanyl, Defendant Chesser questioned, "A couple ounces? From where? Unless it was in the meth." This statement is an admission that Defendant Chesser knew that there was methamphetamine on the premises.

The United States will authenticate the jail calls through SA Keck and Officer Aaron Swayze from the Okmulgee County Jail. SA Keck's knowledge and familiarity with Defendant's voice is sufficient to authenticate the recordings under Fed. R. 901(b)(5). To authenticate a recording under this rule, the witness need only be minimally familiar with the voice to identify it. Once minimal familiarity is satisfied, it is for the jury to assess any issues regarding the extent of the witness's familiarity with the voice. *See United States v. Bush*, 405 F.3d 909 (10th Cir. 2005). Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker is sufficient for authentication purposes. Voice identification is permissible under Rule 901 where there exists any basis for identifying the voice, leaving all questions of weight and credibility for the jury. *See United States v. Watson*, 594 F.2d 1330 (10th Cir. 1979). Officer Swayze will testify about the process by which Okmulgee County Jail inmates' calls are recorded and explain how that system is reliable.

## PROSPECTIVE WITNESSES AND
## TIME OF DIRECT EXAMINATION

Page **21** of **24**

The United States may call the following witnesses in its case-in-chief, although the list of witness may be subject to change during pretrial preparation. The anticipated time for the direct examination is provided for each witness. Some witnesses may be rendered unnecessary due to subsequent stipulations by the parties and agreed pre-admission of exhibits. The following is merely the witnesses the United States may call at trial.

1. **Trooper Ethan Mulkey., Expected Direct Examination: Sixty (60) minutes**– He will testify about how he attempted a traffic stop on Defendant Cole's truck after he observed him speeding and crossing the center yellow line.  He will also testify about the pursuit after Defendant Cole eluded, and the seizure of contraband in Defendant Cole's truck.  This witness will also testify about the search of Defendant Cole and Defendant Chesser's property, and his interview of Defendant Chesser where she admitted to knowing about the presence of contraband on the premises.

2. **SA Keck, ATF Expert, Expected Direct Examination: Ninety (90) minutes** – This witness will authenticate the photographs he took during the search of Defendants' property.  This witness will also testify about the interstate nexus report he completed on the firearms listed in the Indictment.

3. **D.C., OSBI Expert, Expected Direct Examination: Thirty (30) minutes** – He will testify about his testing of the suspected methamphetamine found in Defendant Cole's truck and on his premises.  This witness will testify about his analysis of the substances and how he knows the substance is a mixture and substance of methamphetamine.  He will also testify about the quantity of the substance found.  This witness will also testify about his analysis of the marijuana found at the residence.

4. **FEO Jeffrey Bodell, Direct Examination: Sixty (60) minutes** – This witness will testify about his testing of the machine gun that was found in Defendant Cole's truck as well as the suppressors that were found in his residence.  This witness will explain how the modified Glock pistol meets the legal definition of "machine gun" and how the suppressors meet the legal definition of "firearm silencers."

5. **H.H., Direct Examination: Thirty (30) minutes** – This witness will testify that she is the custodian of record for the National Firearms Registration and Transfer Record ("NFRTR"), which is a central registry of firearms that come within the purview of Title 26, United States Code, Chapter 53.

6. **SA Ryan Young, Direct Examination:  Twenty (20) minutes** – This witness is a DEA agent and will testify as a blind witness concerning indicia of drug distribution, which includes drug weight and the presence of drug paraphernalia.  He will testify

about what weights of narcotics are consistent with personal use versus drug trafficking.

7. **LT Patrick Hale, Direct Examination:  Twenty (20) minutes** – This witness will testify that he is a Lieutenant from the Okmulgee County Sheriff's Office and that he assisted in executing the search warrant for Defendant Cole and Defendant Chesser's premises.

8. **E.B., Direct Examination:  Twenty (20) minutes** – This witness will testify that he conducted the extraction of Defendant Cole's cell phone and provided the extraction to SA Keck.

9. **A.S., Direct Examination: Ten (10) minutes** – This witness is Defendant Cole's son. He will testify that Defendant Cole was the only person who had access to the outbuilding, which is where the majority of the contraband was discovered by law enforcement.

10. **Officer Aaron Swayze, Direct Examination:  Ten (10) minutes** -This witness is an officer at the Okmulgee County Jail.  This witness will help authenticate jail calls made by Defendant Cole and Defendant Chesser by testifying about how the calls are recorded, and how the system is reliable.

## CONCLUSION

The United States respectfully submits this Trial Brief to anticipate the factual and legal issues which may arise at trial. The United States requests that this Court grant it leave to submit additional briefing should other issues be identified.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    Michael E. Robinson
MICHAEL E. ROBINSON
MA Bar # 693574
Assistant United States Attorney
520 South Denison
Muskogee, OK 74401
Telephone: (918) 684-5144
Michael.robinson3@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2024, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Joseph Barrett, Attorney for Defendant Cole
Dan Medlock, Attorney for Defendant Chesser.


       s/  <u>Michael E. Robinson     </u>
          MICHAEL E. ROBINSON
          Assistant United States Attorney