IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-24-80-RAW |
| ) | |
| JASON DALE COLE & ) | |
| CRYSTAL FAYE CHESSER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Jason Dale Cole's Unopposed Motion to Continue Jury Trial [Docket No. 72] requesting a continuance of the trial presently set on the December 3, 2024 trial docket to the February 4, 2025 trial docket and an order extending the attendant deadlines associated therewith. Defendant Crystal Faye Chesser does not object to the motion.

The Government does not object to this request.

The request for continuance is made for the following reasons which give cause for excludable time under the Speedy Trial Act. Defendant Cole is named in a multi-count Indictment with Forfeiture Allegation charging Possession with Intent to Distribute Methamphetamine, Possession of a Machine Gun, Felon in Possession of a Firearm, Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, Possession with Intent to Distribute Marijuana, Possession of Unregistered Firearm and Maintaining Drug Involved Premises. Ms. Chesser is charged with Maintaining Drug Involved Premises with Forfeiture Allegation [Docket No. 2].

Counsel has just entered his appearance as of November 4, 2024 after the withdrawal of former counsel for Mr. Cole. Counsel represents that additional time is needed for effective preparation in this matter.

The court finds that additional time is necessary for counsel's effective preparation and advocacy for Mr.Cole, considering counsel's exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv).

The court recognizes that the *McGirt* ruling has resulted in voluminous caseloads and conflicts for counsel and courts and has caused delays in reviewing discovery with defendants, interviewing witnesses, and investigating offenses.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. The instant request for a continuance falls under §3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). In *United States*

*v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result in the need for additional time." *Id*. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances presented in Defendant's motion. The request for additional time to prepare is reasonable. The cause warrants the extension in the interest of justice to ensure Defendants' informed decisions regarding a plea agreement or to effectively prepare for a trial.

 Further, the Court finds justification to exclude the period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

The court further finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) and (B). The period of delay resulting from this continuance is considered excludable time as provided in 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the motion is GRANTED as to both defendants. The jury trial set for December 3, 2024 is hereby stricken and the case is reset to the February 4,

2025 Trial Docket. The pretrial motions deadline is hereby stricken and reset to December 20, 2024. The expert witness notices deadline is December 20, 2024. Any *Daubert* motions shall be filed within 14 days of the filing of the expert witness notices. The pretrial conference currently set for November 21, 2024 is hereby stricken to be reset by the court at a later date.

IT IS FURTHER ORDERED that the time from December 3, 2024 to February 4, 2025, inclusive, is excludable pursuant to 18 U.S.C. §3161(h)(7).

IT IS SO ORDERED this 12th day of September, 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE